CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 11 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| VERA L. HARRISON, | ) | CASE NO. 4:10CV00061 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's April 2, 2007 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on December 3, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since July 15, 2006[1], her alleged

---

[1] The record reveals, and the Law Judge noted, plaintiff engaged in "work-like" activities beyond the date of her alleged disability onset. (R. 17.) Specifically, the Law Judge found that plaintiff was able to care for her sick boyfriend and her grandchildren. (R. 17, 70-71, 162.) Though the

disability onset date, and that she remained insured for benefits through June 30, 2009[2]. (R. 17.) The Law Judge determined that the plaintiff suffered the following severe impairments: COPD, yet she continues to smoke; degenerative disc disease; and osteoarthritis. (R. 18.) He concluded that the plaintiff did not suffer an impairment or combination of impairments that met or equaled a listed impairment. (R. 28.) The Law Judge found that the plaintiff retained the residual functional capacity ("RFC") to perform light work that involves no climbing ladders, ropes or scaffolds and other postural activities only occasionally (climbing stairs or ramps, balancing, stooping, kneeling, crouching and crawling) and that avoids concentrated exposure to respiratory irritants (such as fumes, odors, dust, gases and poor ventilation) and workplace hazards (such as moving machine parts). (R. 29.) The Law Judge found that this RFC did not preclude plaintiff from performing her past relevant work as a bus driver and a housekeeper. (R. 35.) Thus, he ultimately determined that the plaintiff was not disabled under the Act. (R. 36.)

Plaintiff appealed the Law Judge's December 3, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

---

Law Judge concluded that this activity did not rise to the level of substantial gainful activity, he found it demonstrated an ability to engage in activities comporting with a residual functional capacity to perform a range of light work. (R. 17.) *See* 20 C.F.R. §§ 404.1571, 416.971 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did.")

[2]In order to qualify for disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status, June 30, 2009. *See* 20 C.F.R. § 404.131(a).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the plaintiff. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). However, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge erred by rejecting the opinions offered by James M. Isernia, M.D., her primary treating source. (Pl's Brief, pp. 14-19.) For the reasons set forth below, the undersigned disagrees and finds that the Law Judge's decision not to fully credit Dr. Isernia's opinions is supported by substantial evidence.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)).

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other

3

substantial evidence, it may be given "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589. A determination of whether a claimant is disabled, ultimately, is reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(e)(1). 416.927(e)(1) (opinions that a claimant is "disabled" or "unable to work" are reserved to the Commissioner); *Edwards v. Astrue,* 1:10CV00032, 2011 WL 1480387, *7 (W.D.Va. April 19, 2011.)

Dr. Isernia completed a medical questionnaire on May 20, 2009. (R. 460-467.) He diagnosed plaintiff as suffering the following impairments: degenerative disc disease, COPD, fibromyalgia, chronic pain syndrome, severe osteoarthritis, and vasovagal syncope. (R. 460.) Dr. Isernia opined that plaintiff could sit or stand/walk zero hours in an eight-hour day. (R. 462.) The physician further opined that plaintiff could neither lift nor carry zero to five pounds. (R. 463.) He found that plaintiff could not grasp, turn, or twist objects. (*Id.*) Dr. Isernia believed that plaintiff was incapable of handling even a "low stress" work situation. (R. 465.) Dr. Isernia noted that plaintiff suffered all of the following additional limitations which would affect an individual's ability to work: psychological limitations, need to avoid wetness, need to avoid noise, need to avoid fumes, need to avoid gases, limited vision, need to avoid temperature extremes, need to avoid humidity, need to avoid dust, need to avoid heights, no pushing, no pulling, no kneeling, no bending, and no stooping. (R. 466.) Dr. Isernia repeatedly noted that plaintiff was unable to work and that her numerous disabling limitations existed as far back as February 12, 2002. (R. 463, 464, 465, 466.)

The Law Judge discredited Dr. Isernia, in part, on the basis that from the beginning he had assumed an advocacy role for plaintiff in her quest for disability benefits. (R. 34, 239.) In March 2007, Dr. Isernia noted that he would start the disability process for plaintiff. (R. 239.) Dr. Isernia did not see plaintiff for a year and a half just prior to this visit. (R. 18.) A treating source's role as an advocate can detract from the weight his opinion should be accorded, particularly when the physician bends over backwards to assist a patient in obtaining benefits. *See Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006). Therefore, the Law Judge's decision to give less than controlling weight to Dr. Isernia's opinions because he assumed the role of advocate was reasonable and supported by substantial evidence.

The Law Judge also gave no weight to Dr. Isernia's opinion relating plaintiff's debilitating limitations back to 2002. (R. 34.) This determination is supported by the fact that plaintiff continued working until 2006. (R. 146, 167.) Moreover, his opinion as a whole is not supported by the objective medical findings. For example, radiological studies of plaintiff's lumbar, thoracic, and cervical spine revealed degenerative disc disease, but no neural impingement or acute abnormality. (R. 400-401.) Pulmonary function studies revealed only "mild" obstructive impairment (R. 255), and an evaluation by a cardiologist resulted in a completely negative cardiac work up (R. 326).

The opinions offered by the State agency record reviewing physicians provided substantial evidence countervailing to that of Dr. Isneria, upon which the Law Judge could have based his decision. Robert McGuffin, M.D. performed a Physical Residual Functional Capacity evaluation and noted limitations that were not sufficient to prevent plaintiff from performing a range of light work. (R. 272-278.) Thomas Phillips, M.D. affirmed this finding. (R. 297-303.)

5

Plaintiff next argues that the Law Judge's evaluation of evidence offered by consultative physicians Mark Stowe, M.D. and Bruce Mazurek, M.D. was "arbitrary." (Pl's Brief, pp. 19-21.) Specifically, plaintiff contends that the Law Judge erred by rejecting Dr. Stowe's opinions and accepting the opinions offered by Dr. Mazurek. (*Id.*)

Dr. Stowe, a physician with the Virginia Department of Rehabilitative Services, examined plaintiff on July 17, 2007. (R. 263-266.) He noted the following diagnoses: COPD, low back pain with left-sided sciatica, chest pain, high blood pressure, and borderline diabetes. (R. 266.) The physician opined that plaintiff could sit for two hours with normal breaks and stand and walk for one hour with normal breaks.[3] (*Id.*) Dr. Stowe believed plaintiff frequently could carry ten pounds, occasionally carry twenty pounds, and never carry fifty pounds. (*Id.*) He also believed she occasionally could bend, stoop and crouch, and that she had no limitations on reaching, handling, feeling, grasping and fingering, though he also found plaintiff would have environmental limitations secondary to heights. (*Id.*)

The Law Judge rejected Dr. Stowe's opinion that plaintiff could only stand/walk for one hour and sit for two hours on the basis that it was not supported by the longitudinal record which shows limited physical findings with generally routine and conservative treatment. (R. 34.) The Law Judge also noted that Dr. Stowe's conclusions appear to have been based on plaintiff's reported subjective symptoms and limitations as opposed to objective medical findings. (*Id.*)

---

[3] Plaintiff called the court's attention to a notation by the Law Judge that Dr. Stowe's assessment was a "little ambiguous" as to whether the sitting/standing/walking limitations he found were for one period of time or for a whole workday. (R. 32.) She asserts that this ambiguity required the Law Judge to contact the physician to obtain clarification. (Pl's Brief, p. 20.) The undersigned disagrees because the restrictions Dr. Stowe found present were not supported by his limited physical findings and the record as a whole.

6

Finally, the medical record further supports the Law Judge's decision that Dr. Stowe's relatively benign findings do not support his ultimate conclusion that plaintiff could only sit for two hours and stand and walk for only one hour. Even he noted that plaintiff's gait was normal; she did not have any trouble dressing or undressing; her COPD was on a good regimen, despite the fact that she continued to smoke; and her blood pressure was under good control. (R. 265-266.)

Dr. Mazurek, also a physician with the Virginia Department of Rehabilitative Services, examined plaintiff on February 19, 2009. (R. 428-430.) He opined that plaintiff had a history of COPD, chronic neck and back pain, and tobacco abuse. (R. 430.) The physician believed that most of plaintiff's symptoms were subjective in nature, and that her COPD clinically was stable. (*Id.*) He also noted that most of plaintiff's pain was with range of motion. (*Id.*) Dr. Mazurek opined that plaintiff could not do any type of work requiring her to lift greater than twenty pounds, and that she would have difficulty climbing steps. (*Id.*) This evidence was consistent with an ability to perform a range of light work.

The Law Judge credited Dr. Mazurek's opinion on the basis that it was consistent with the other credible evidence. (R. 35.) This decision is supported by substantial evidence, including that of the State agency record reviewing physicians who offered findings consistent with a range of light work. (R. 272-278, 297-303.) Furthermore, like Dr. Stowe, Dr. Mazurek's examination revealed relatively benign physical findings.

Next, plaintiff argues that the Law Judge erred in his evaluation of her credibility. (Pl's Brief, pp. 21-24.) Specifically, plaintiff contends that the Law Judge erred by failing to evaluate the consistency of her statements by comparing it to the evidence of record. (Pl's Brief, p. 23.)

Further, she asserts that the Law Judge erred by focusing on her lack of treatment and his own observations of her at the hearing. (Pl's Brief, pp. 23-24.)

There is a two-step process for evaluating subjective complaints. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). The two-step process corresponds with Social Security Ruling ("SSR") 96-7p and the regulations at 20 C.F.R. §§ 404.1529, 416.929. At step one, the Law Judge must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. *Craig*, 76 F.3d at 594. At step two, the Law Judge must evaluate the intensity and persistence of the claimant's pain or other symptoms alleged based on all the evidence in the record, including the claimant's testimony. *Id.* at 595. Step two of the credibility analysis involves consideration of the claimant's statements of pain and other alleged symptoms, as well as factors such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatments, other than medication, received for relief of symptoms; (6) measures used to relieve symptoms; and (7) other factors concerning functional limitations and restrictions caused by symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

At step one in his credibility assessment, the Law Judge found that that plaintiff's medically determinable impairments reasonably could be expected to produce some symptoms and limitations of the general type that she alleged. (R. 31.) At step two, the Law Judge found that plaintiff's statements as they relate to the intensity, persistence and limiting effects of these symptoms were "not entirely credible" to the extent they were inconsistent with the Law Judge's

determination of plaintiff's RFC. (*Id.*) Moreover, the Law Judge found that plaintiff's treatment records did not support her allegations as they relate to the severity of her limitations. (*Id.*) For the reasons that follow, the undersigned finds that the Law Judge's determination of plaintiff's credibility is supported by substantial evidence.

The record simply does not support plaintiff's claims of disabling limitations. As noted by the Law Judge, plaintiff's treatment has generally been routine, conservative and unremarkable. (R. 34.) Plaintiff has not required ongoing treatment from specialists, and an examination by a cardiologist revealed a completely negative cardiac workup. (R. 326.) Here, plaintiff's lack of any more extensive treatment is the likely result of relatively benign findings, not a lack of funds as she has alleged. She was able to secure rather sophisticated testing. Her cardiac workup was completely negative, her pulmonary function studies showed only "mild" obstruction, and her spinal studies showed no neural impingement or acute abnormality. (R. 255, 326, 400-401.)

Plaintiff contends that the Law Judge essentially engaged in "sit and squirm" jurisprudence by placing undue weight on his observations of her at the hearing. The Commissioner, on the other hand, argues that the Law Judge's decision based in part on observed demeanor should be given great weight. *See* SSR 96-7p ("In instances where the individual attends an administrative proceeding conducted by the adjudicator, the adjudicator may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements."). Here, plaintiff testified that she could only sit for ten to fifteen minutes before being required to move around for ten to fifteen minutes. (R. 60.) The Law Judge

discounted this testimony based on his own observation of plaintiff sitting for more than twenty minutes. (R. 30.)

The courts of this Circuit long have been skeptical of decisions based on the application of "sit and squirm" jurisprudence. *See Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990); *Lewis v. Bowen*, 823 F.2d 813, 816 (4th Cir. 1987); *Shively v. Heckler*, 739 F.2d 987, 992 (4th Cir. 1984) (Hall, J., dissenting). It is the undersigned's view that had the Law Judge's decision rested solely on his determination not to credit plaintiff based on his observations of the plaintiff at the hearing, the Commissioner's final decision would not be supported by substantial evidence. Here, however, the substantial evidence in the case provides an ample basis for the Law Judge's decision to not fully credit the plaintiff and supports the Commissioner's final decision, irrespective of the Law Judge's observations of the plaintiff at the hearing.

Finally, plaintiff contends that the Law Judge relied on flawed vocational expert (VE) testimony. (Pl's Brief, pp. 24-25.) Specifically, plaintiff argues that the hypothetical posed to the VE was flawed in that it did not set forth the effects of all of her impairments. (Pl's Brief, p. 24.) In that regard, for a VE's opinion to be relevant, it must be in response to a proper hypothetical question which sets forth all of the claimant's impairments and their vocational effects. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989).

The record reveals that the Law Judge presented a hypothetical which incorporated his RFC finding. (R. 81-82.) Based on this hypothetical, the VE testified that plaintiff could perform her past relevant work as a bus driver and a housekeeper. (R. 82-83.) From what already has been said, the RFC found by the Law Judge is supported by substantial evidence. Thus, the hypothetical question formulated on that RFC was proper.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

Date: August 11, 2011